UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JESSIE LEE BIZZELL,
    Plaintiff,

vs.                                                        Case No.:  3:22cv18638/MCR/ZCB

KURTZMAN CARSON
CONSTRUCTION, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He filed this *pro se* lawsuit on September 22, 2022. (Doc. 1). Plaintiff's initial, amended, and second amended complaints were illegible. (*See* Docs. 1, 4, 5, 18). The Court granted Plaintiff a final opportunity to submit a legible complaint, and Plaintiff filed a Third Amended Complaint. (Docs. 26, 30). The Court is statutorily required to screen Plaintiff's Third Amended Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner

1

complaints"). Upon review of the Third Amended Complaint, the undersigned recommends this case be dismissed without prejudice as frivolous.[1]

## I. Background

Since Plaintiff filed this case on September 22, 2022, Plaintiff has submitted many illegible filings to this Court. (*See* Docs. 1, 4, 5, 6, 9, 10, 11, 13, 16). The Court repeatedly advised Plaintiff that it could not consider allegations that it could not read and directed Plaintiff to Local Rule 5.1(c), which requires handwritten filings to be "legible." (*See* Docs. 3, 9, 10, 11, 13, 16); N.D. Fla. Loc. R. 5.1(c). Plaintiff has had complaints dismissed as illegible in the past. *See* Middle District of Florida Case Nos. 2:20cv894 and 2:20cv582.[2] Although portions of Plaintiff's Third Amended Complaint are illegible, there are some legible portions. The Court will, therefore, undertake to review the Third Amended complaint. What follows is

---

[1] Plaintiff also filed an "Amended Complaint" on the same day that Plaintiff filed his "Third Amended Complaint." (*See* Docs. 29, 30). As the most recent and operative pleading on the docket, the Court will only screen Plaintiff's Third Amended Complaint.

[2] Plaintiff has also had cases dismissed as malicious (Northern District of Florida Case No. 4:20-cv-00580), duplicative (Middle District of Florida Case Nos. 2:20-cv-00597, 2:20-cv-00582, and 2:20-cv-00894), and failure to state a claim (Middle District of Florida Case No. 6:17-cv-01528). Plaintiff paid the filing fee in this case and, therefore, his case was not subject to dismissal under the three strikes provision of 28 U.S.C. § 1915(g). The Eleventh Circuit has recognized, however, that "[o]n the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

the Court's good faith attempt to discern the substance of Plaintiff's allegations, despite Plaintiff's largely illegible handwriting.

Plaintiff names three Defendants in his § 1983 action: Kurtzman Carson Construction—an entity that appears to be located in California; Ron DeSantis, the Governor of Florida; and Mark Inch, who Plaintiff states "Was Governor." (Doc. 30 at 1-3). In the "Prisoner Status" section of the complaint form, Plaintiff indicates that he believes his case, sentence, and status as a prisoner are "illegal" and alleges he is being held against his will. (*Id.* at 4). Plaintiff claims he has lived in a "prison laboratory" for the last 15 years "in the mind, body, and soul." (*Id.* at 5). Plaintiff states there is a "device" in his brain. (*Id.*).

Plaintiff then recounts a situation that occurred during July of 2018 in which Plaintiff received a "please take notice card in the mail" from the "21st century oncology holdings, inc." and filed a proof of claim. (*Id.*). Plaintiff then appears to describe an order from a bankruptcy proceeding that occurred in 2017. (*Id.*). Plaintiff claims someone distributed "new common stock"[3] on "account of allowed (sic) unsecured claim." (*Id.*). Plaintiff claims he was "awarded as a litigation

---

[3] Common stock is "[a] class of stock entitling the holder to vote on corporate matters, to receive dividends after other claims and dividends have been paid, and to share in assets upon liquidation." *Common stock*, Black's Law Dictionary (8th ed. 2004).

claimant for those claims" in the amount of $1,000,000 "with interest." (*Id.*). Plaintiff states someone filed objection claims on March 12, 2018, which was "after the effective date of the plan of the reorganized debtors." (*Id.*).

Plaintiff states he would also "like to inform the court about a violation that happened in August of 2018." (*Id.* at 7). In August of 2018, Plaintiff states that an Officer "Barrevman"—who Plaintiff does not name as a Defendant in the present action—gave another inmate mail that supposedly represented Plaintiff's $1,000,000 bankruptcy claim. (*Id.*). Plaintiff then lists several court cases—which were ultimately dismissed—where he tried to assert his proof of claim. (*Id.* at 8). Plaintiff asserts that the "reorganized debtors destroyed [his] proof claims (sic) and left [him to] suffer (sic) from loss and damages." (*Id.* at 9).

Plaintiff then returns to discussing the "device" in his brain that appears to have "symptoms" that led Plaintiff to believe he "was dying from HIV and colon cancer." (*Id.* at 10). Plaintiff alleges that someone uses the device in his brain on a daily basis to inflict "unnecessary and wanton" pain on Plaintiff. (*Id.*). Plaintiff states the people using the device are also "talking to [Plaintiff] in [his] mind" causing him to "suffer from mental health issue[s]." (*Id.*). Plaintiff states that while incarcerated in Orlando, Florida, Plaintiff was advised by a "medical expert" of the device in Plaintiff's brain. (*Id.*). Plaintiff alleges he has been refused assistance with

4

addressing the brain device while incarcerated at Santa Rosa Correctional Institution. (*Id.*). Plaintiff insists that he requires a CAT scan of his brain. (*Id.*).

Plaintiff raises a range of constitutional claims, including cruel and unusual punishment under the Eighth Amendment, as well as the "Fifth, Sixth and Fourteenth Amendments . . . [because Plaintiff] discovered this sentence is illegal and over with in 2017." (*Id.* at 12). Plaintiff demands $100,000,000 plus interest for his "proof of claim" in the "new common stock." (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial

5

experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## II.   Discussion

"Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Actions are frivolous if they lack factual or legal merit. *Gary v. United States Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013) (citation omitted). "Dismissal for frivolity is warranted when a claim is based on an indisputably meritless legal theory, or when it relies on factual allegations that are . . . 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). And courts have consistently held that allegations regarding the government implanting a brain device are fanciful and frivolous. *Denton*, 504 U.S. at 32-33; *see e.g., Grant v. United States Gov't,* No. 1:14-CV-01618-JLT, 2014 WL 6685035, at *4 (E.D. Cal. Nov. 25, 2014) ("Plaintiff's claims that the

6

Government implanted a device in him can best be described as frivolous."); *Robinson v. Hinkle*, No. 1:10cv550, 2010 WL 9530318, at *1 (E.D. Va. July 27, 2010) ("The Court finds that [the plaintiff's] allegations that defendants have implanted a device in his brain are factually frivolous because they are wholly incredible."); *Cain v. Obama*, No. cv14-5735-dmg(e), 2014 WL 3866062, at *2 (C.D. Cal. Aug. 6, 2014) (finding that plaintiff's allegations that "military grade biomedical devices" were implanted into plaintiff's body were fanciful and due to be dismissed as frivolous); *Doran v. McGinnis*, 158 F.R.D. 383, 387-89 (E.D. Mich. 1994) (dismissing a complaint as frivolous, despite the plaintiff paying the filing fee, when the plaintiff alleged prison officials implanted a "telepathic mind control device" in his brain to control his mind and bodily functions). A claim may also "be dismissed as frivolous when it appears that a plaintiff has little or no chance of success." *Watson v. Broward Cnty. Sheriff's Office*, 808 F. App'x 891, 893 (11th Cir. 2020) (cleaned up).

Although *pro se* litigants are typically permitted an opportunity to amend their complaint (*See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)), the court should not allow such opportunity if it determines that an amendment would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Amendments are futile when "the complaint as amended

7

would still be properly dismissed." *Cockrell*, 510 F.3d at 1310; *see Denton*, 504 U.S. at 32-33 (upholding the dismissal of a complaint as frivolous without an opportunity to amend when the complaint alleged that the defendants implanted "microchips" into the plaintiff's body, which allegedly caused her to have tumors and tissue damage).

Here, Plaintiff's allegations regarding the device that Plaintiff believes is in his brain and the voices Plaintiff hears in his mind, as well as his belief that he lives in a "prison laboratory," are factually baseless and fanciful; these are precisely the type of allegations that courts have deemed to be frivolous. *See, e.g., Grant*, 2014 WL 6685035, at *4; *Robinson*, 2010 WL 9530318, at *1. Although it is unclear from Plaintiff's pleading who allegedly planted the device in Plaintiff's brain, claims based on a plaintiff's belief that a chip or device was implanted in the plaintiff's body are due to be dismissed. *See Denton*, 504 U.S. at 32-33.

Further, Plaintiff's remaining allegations that are associated with his alleged entitlement to $1,000,000 of stock that is property of a bankruptcy estate are lacking in legal merit in Plaintiff's civil rights action. *See Russ v. Jackson County Sch. Bd.*, 530 F. Supp. 3d 1074, 1082 (N.D. Fla. 2021) (determining that only the bankruptcy trustee has standing to prosecute causes of action that belong to the bankruptcy estate); *Cladek v. Pagano*, No. 4:14cv187-MW/CAS, 2014 WL 4693120, at *1

(N.D. Fla. Sept. 22, 2014) (holding the plaintiff did not present a viable civil rights claim under § 1983 by alleging defendants caused the bankruptcy of her company because "there is no right to not suffer economic injury."). Therefore, Plaintiff's allegations are both fanciful and wholly without legal merit.[4]

The Court finds that providing Plaintiff with an opportunity to submit a fourth amendment complaint would be futile. *See Denton*, 504 U.S. at 32-33. Plaintiff's allegations associated with the device and voices in his brain are fanciful, and any dispute regarding a particular bankruptcy claim is without merit in this proceeding. Moreover, Plaintiff has failed to sufficiently allege that the named Defendants are responsible for the actions he complains about. Therefore, based on Plaintiff's baseless and fanciful allegations—as well his history of filing meritless pleadings—it does not appear Plaintiff could amend his complaint to plausibly allege viable claims.[5]

---

[4] To the extent Plaintiff seeks to allege a claim against the Officer that allegedly gave Plaintiff's mail to another inmate, Plaintiff cannot do so because Plaintiff has not named that individual, nor any jail officials, as a Defendant in this case.

[5] To the extent Plaintiff seeks to challenge the legality of his conviction or sentence, neither a § 1983 or *Bivens* claim are the proper vehicles to do so. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Also, Plaintiff pleads no allegations associated with the process of his criminal case, such as his right to a trial by jury or to appointment of counsel, that would substantiate his Fifth and Sixth Amendment claims; nor has Plaintiff pled

## II.   Conclusion

For the reasons above, this case should be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. This action be **DISMISSED without prejudice** as frivolous.

2. All pending motions be **DENIED** as moot.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 1st day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

any allegation associated with equal protection to substantiate his Fourteenth Amendment claim.